**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CENGAGE LEARNING, INC., *et al.*, | ) | Case No. 13-44106 (ESS) |
| | ) | Case No. 13-44105 (ESS) |
| | ) | Case No. 13-44107 (ESS) |
| | ) | Case No. 13-44108 (ESS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### GLOBAL NOTES, METHODOLOGY AND SPECIFIC
### DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF
### ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

### Introduction

Cengage Learning, Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "***Debtors***"), with the assistance of their advisors, have filed their respective Schedules of Assets and Liabilities (the "***Schedules***") and Statements of Financial Affairs (the "***Statements***, and together with the Schedules the "***Schedules and Statements***") with the United States Bankruptcy Court for the Eastern District of New York (the "***Bankruptcy Court***"), pursuant to section 521 of title 11 of the United States Code (the "***Bankruptcy Code***") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***").

These Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "***Global Notes***") pertain to, are incorporated by reference in, and comprise an integral part of all of the Debtors' Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("***GAAP***"), nor are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

In preparing the Schedules and Statements, the Debtors relied upon information derived from their books and records that was available at the time of such preparation. Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised, or subsequent information, may cause a material change to the Schedules and Statements. Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and

Statements as is necessary and appropriate.  Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

Mr. Dean Durbin has signed each of the Schedules and Statements.  Mr. Durbin is the Chief Financial Officer of Cengage Learning GP I LLC and an authorized signatory for each of the Debtors.  In reviewing and signing the Schedules and Statements, Mr. Durbin necessarily has relied upon the efforts, statements, and representations of various personnel employed by the Debtors and their advisors.  Mr. Durbin has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

## Global Notes and Overview of Methodology

1.    **Reservation of Rights**.  Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist.  The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to claim ("*Claim*") description, designation, or Debtor against which the Claim is asserted; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim.  Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated."  Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors.  Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, recharacterization, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation or rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

The listing in the Schedules of Statements (including, without limitation, in Statement 3(c), Schedule B, and Schedule F) by the Debtors of any obligation between a Debtor and another Debtor or between a Debtor and a non-Debtor affiliate is a statement of what appears in the Debtors' books and records and does not reflect any admission or conclusion of the Debtors regarding whether such amount would be allowed as a Claim or how such obligations may be classified and/or characterized in a plan of reorganization or by the Bankruptcy Court.  The Debtors reserve all rights with respect to such obligations.

2.    **Description of Cases and "as of" Information Date**.  On July 2, 2012 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On July 3, 2013, the Bankruptcy Court entered an order directing procedural consolidation and joint administration of the Debtors' chapter 11 cases [Docket No. 31].  On July 10, 2013, the United States Trustee for the Eastern District of New York appointed a statutory committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 68].

The asset information provided herein, except as otherwise noted, represents the asset data of the Debtors as of June 30, 2013, and the liability information provided herein, except as otherwise noted, represents the liability data of the Debtors as of the close of business on June 30, 2013.

**3.      Net Book Value of Assets**.  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations for all of their assets.  Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of June 30, 2013.  Furthermore, assets that have fully depreciated or were expensed for accounting purposes do not appear in these Schedules and Statements as they have no net book value.

**4.      Recharacterization**.  Notwithstanding the Debtors' reasonable best efforts to properly characterize, classify, categorize or designate certain Claims, assets, executory contracts, unexpired leases and other items reported in the Schedules and Statements, the Debtors may nevertheless have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' business.  Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

**5.      Liabilities**.  The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change.  Accordingly, the Debtors reserve all of their rights to amend, supplement or otherwise modify the Schedules and Statements as is necessary or appropriate.

The liabilities listed on the Schedules do not reflect any analysis of Claims under section 503(b)(9) of the Bankruptcy Code.  Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

**6.      Excluded Assets and Liabilities.**  The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including, without limitation, accrued salaries, employee benefit accruals, accrued accounts payable, and deferred gains.  The Debtors also have excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that may be rejected, to the extent such damage Claims exist.  In addition, certain immaterial assets and liabilities may have been excluded.

K&E 27326992.8

7.    **Insiders**.    Solely, for purposes of the Schedules and Statements, the Debtors define "insiders" to include the following:  (a) directors; (b) officers and executive vice presidents that directly report to officers; (c) executive officers that do not (or did not) report to other executive officers; (d) general partners of one of the Debtor entities and equity holders holding in excess of 5% of the voting securities of one of the Debtor entities; (d) Debtor/non-Debtor affiliates; and (e) relatives of any of the foregoing (to the extent known by the Debtors).

Persons listed as "insiders" have been included for informational purposes only.  The Debtors do not take any position with respect to:  (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

8.    **Intellectual Property Rights**.    Exclusion of certain intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

In addition, although the Debtors have made diligent efforts to attribute intellectual property to the rightful Debtor entity, in certain instances, intellectual property owned by one Debtor may, in fact, be owned by another Debtor or by an affiliate.  Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

9.    **Executory Contracts**.    Although the Debtors made diligent attempts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so due to the complexity and size of the Debtors' business.  Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

10.    **Classifications**.    Listing a Claim on (a) Schedule D as "secured," (b) Schedule E as "priority," (c) Schedule F as "unsecured," or (d) listing a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the Claimant or a waiver of the Debtors' rights to recharacterize or reclassify such Claims or contracts or to setoff of such Claims.

11.    **Claims Description**.    Schedules D, E, and F permit each of the Debtors to designate a Claim as "disputed," "contingent," and/or "unliquidated."  Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection.  The Debtors reserve all of their rights to dispute, or assert offsets or defenses to, any Claim reflected on their respective Schedules and Statements on any grounds, including liability or classification.  Additionally, the Debtors expressly reserve all of their rights to subsequently designate such Claims as "disputed," "contingent," or

"unliquidated."   Moreover, listing a Claim does not constitute an admission of liability by the Debtors.

**12.    Causes of Action**.  Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third-parties as assets in the Schedules and Statements, including, without limitation, causes of actions arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-Claim, counter-Claim, or recoupment and any Claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law, or in equity, or pursuant to any other theory of law (collectively, "*Causes of Action*") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

**13.    Summary of Significant Reporting Policies**.  The following is a summary of significant reporting policies:

   a.    Undetermined Amounts.  The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

   b.    Totals.  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

   c.    Paid Claims.  The Debtors were authorized (but not directed) to pay certain outstanding prepetition Claims pursuant to various orders entered by the Bankruptcy Court. Accordingly, certain outstanding liabilities may have been reduced by postpetition payments made on account of prepetition liabilities.  To the extent the Debtors pay any of the Claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all of their rights to amend or supplement the Schedules and Statements or take other action as is necessary or appropriate to avoid over-payment of or duplicate payments for any such liabilities.

   d.    Excluded Assets and Liabilities.  The Debtors have excluded certain accrued liabilities, including accrued salaries and employee benefits and tax accruals from the Schedules and

Statements.  Certain other immaterial assets and liabilities may also have been excluded.

e.   <u>Liens</u>.  Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

**14.    Estimates.**  To prepare and file the Schedules in accordance with the deadline established in the Chapter 11 Cases, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities.  The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

**15.    Currency.**  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

**16.    Setoffs.**  The Debtors incur certain offsets and other similar rights during the ordinary course of business.  Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, returns, warranties, and other disputes between the Debtors and their suppliers.  These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately.  Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are excluded from the Debtors' Schedules and Statements.

**17.    Global Notes Control**.  In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.

**Specific Disclosures with Respect to the Debtors' Schedules**

**Schedule A**.  For those Debtors that own real property, such owned real estate is reported at book value, net of accumulated depreciation unless otherwise noted.  The Debtors may have listed certain assets as real property when such assets are in fact personal property, or the Debtors may have listed certain assets as personal property when such assets are in fact real property.  The Debtors reserve all of their rights to recategorize and/or recharacterize such asset holdings to the extent the Debtors determine that such holdings were improperly listed.

**Schedule B4**.  Unless indicated otherwise in a Debtor's specific response to Schedule B4, the Debtors have included a comprehensive response to Schedule B4 in Schedules B28 and B29.

**Schedule B9**.  Additional information regarding the insurance policies listed on Schedule B9 is available in the *Debtors' Motion for Entry of an Order Authorizing the Debtors to Continue Their Insurance Programs, Surety Bonds, and Related Practices* [Docket No. 4].

**Schedules B13 and B14**.  Ownership interests in subsidiaries, partnerships, and joint ventures have been listed in Schedules B13 and B14 as an undetermined amount on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

6

**Schedule B16**.  The Debtors have disclosed the net book value with respect to accounts receivable listed on Schedule B16, which represents the amount of the accounts receivable netted by any "doubtful accounts."  For purposes of Schedule B16, "doubtful accounts" are those accounts that the Debtors have identified as unlikely to be paid given the amount of time such accounts have been outstanding.

**Schedule B21**.  In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counter-Claims, setoffs, refunds with their customers and suppliers, or potential warranty Claims against their suppliers.  Additionally, certain of the Debtors may be a party to pending litigation in which the Debtors have asserted, or may assert, Claims as a plaintiff or counter-Claims as a defendant.  Because such Claims are unknown to the Debtors and not quantifiable as of the Petition Date, they are not listed on Schedule B21.

**Schedules B22 and B23**.  For purposes of Schedules B22 and B23, the value of certain intangible assets are included in the amounts listed on the balance sheet as of June 30, 2013, and not necessarily reflective of market value.

**Schedules B28 and B29**.  For purposes of Schedules B28 and B29, the value of certain assets may be included in a fixed asset group or certain assets with a net book value of zero may not be set forth on Schedule B28 or B29.

**Schedule B30**.  Unless otherwise stated in a specific Debtor's Schedule B30, book value is presented net of inventory reserves.

**Schedule B35**.  Tax values do not reflect final balances as of June 30, 2013.

**Schedule D**.  The Claims listed on Schedule D arose or were incurred on various dates; a determination of the date upon which each Claim arose or was incurred would be unduly burdensome and cost prohibitive.  Accordingly, not all such dates are included for each Claim.  All Claims listed on Schedule D, however, appear to have arisen or been incurred before the Petition Date.

Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor listed on Schedule D of any Debtor.  Moreover, although the Debtors have scheduled Claims of various creditors as secured Claims, the Debtors reserve all of their rights to dispute or challenge the secured nature of any such creditor's Claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's Claim.  The descriptions provided in Schedule D are solely intended to be a summary—and not an admission—of liability.

Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of liens.  Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.  Except as specifically stated on Schedule D, real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D.  The Debtors reserve all of their rights to amend Schedule D to the extent that the Debtors determine that any Claims associated with such agreements should be reported on Schedule D.  Nothing herein

shall be construed as an admission by the Debtors of the legal rights of the Claimant or a waiver of the Debtors' rights to recharacterize or reclassify such Claim or contract.

Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights. Although there are multiple parties that hold a portion of the debt included in the Debtors' prepetition secured credit facilities, only the administrative agents have been listed for purposes of Schedule D. The amounts outstanding under the Debtors' prepetition secured credit facilities reflect approximate amounts as of the Petition Date.

**Schedule F**. The Debtors have used best reasonable efforts to report all general unsecured Claims against the Debtors on Schedule F based upon the Debtors' existing books and records as of the Petition Date. The Claims of individual creditors for, among other things, products, goods, or services are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the applicable Debtor. The Debtors reserve all of their rights with respect to any such credits and allowances including the right to assert objections and/or setoffs with respect to same. Schedule F does not include certain deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific Claims as of the Petition Date. The Debtors have made every effort to include as a contingent, unliquidated, or disputed the Claim of any vendor not included on the Debtors' open accounts payable that is associated with an account that has an accrual or receipt not invoiced.

Due to the nature of the Debtors' business and the manner in which their accounts payable have historically been processed, it is possible that certain Claims against Cengage Learning, Inc. are actually against non-debtor affiliates, such as The Hampton Brown Company LLC.

Creditors holding uncashed checks issued prior to January 1, 2013, are not included on Schedule F. However, such creditors have been provided a blank proof of claim form.

The Claims listed in Schedule F arose or were incurred on various dates. In certain instances, the date on which a Claim arose is an open issue of fact. Although reasonable efforts have been made to identify the date of incurrence of each Claim, determining the date upon which each Claim in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each Claim listed on Schedule F.

The Bankruptcy Court has authorized the Debtors to pay, in their discretion, certain outstanding Claims on a postpetition basis. Each Debtor's Schedule F may reflect the Debtor's payment of certain Claims pursuant to these orders and, to the extent an unsecured Claim has been paid or may be paid it is possible such Claim is not included on Schedule F. Certain Debtors may pay additional Claims listed on Schedule F during this chapter 11 case pursuant to these and other orders of the Bankruptcy Court and reserve all of their rights to update Schedule F to reflect such payments.

Schedule F contains information regarding pending litigation involving the Debtors. The dollar amount of potential Claims associated with any such pending litigation is listed as "undetermined" and marked as contingent, unliquidated, and disputed in the Schedules and Statements. Some of the

litigation Claims listed on Schedule F may be subject to subordination pursuant to section 510 of the Bankruptcy Code.

Schedule F also includes potential or threatened legal disputes that are not formally recognized by an administrative, judicial, or other adjudicative forum due to certain procedural conditions that counterparties have yet to satisfy. Any information contained in Schedule F with respect to such potential litigation shall not be a binding representation of the Debtors' liabilities with respect to any of the potential suits and proceedings included therein.

Schedule F reflects unsecured Claims that a Debtor may have against another Debtor on account of intercompany receivables and payables. To the extent a Debtor has a Claim against another Debtor on account of the Debtors' prepetition secured facilities, these Claims are not reflected on Schedule F.

Schedule F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. Additionally, Schedule F does not include potential rejection damage Claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

**Schedule G**. The Debtors' businesses are complex. Although the Debtors' existing books, records and financial systems have been relied upon to identify and schedule executory contracts at each of the Debtors and diligent efforts have been made to ensure the accuracy of each Debtor's Schedule G, inadvertent errors, omissions or over-inclusions may have occurred. Certain information, such as the contact information of the counter-party, may not be included where such information could not be obtained using the Debtors' reasonable efforts. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contracts, agreements or leases set forth on Schedule G and to amend or supplement Schedule G as necessary. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth separately on Schedule G.

Certain confidentiality and non-compete agreements may not be listed on Schedule G. The Debtors reserve all of their rights with respect to such agreements.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters and other documents that may not be listed on Schedule G or that may be listed as a single entry. The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement or multiple, severable or separate contracts.

To ease the administrative burden on the Debtors, the names/titles of certain of the contracts and agreements related to author and royalty agreements have been listed with the generic name/title of "Author Agreement."

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon. In some cases, the same supplier or provider appears multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.

The Debtors reserve all of their rights, Claims and causes of action with respect to the contracts on Schedule G, including the right to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's Claim.

In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their businesses, such as subordination, nondisturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements, indemnity agreements, and confidentiality agreements. Such documents may not be set forth on Schedule G. Further, the Debtors reserve all of their rights to alter or amend these Schedules to the extent that additional information regarding the Debtor obligor to such executory contracts becomes available. Certain of the executory agreements may not have been memorialized and could be subject to dispute. Executory agreements that are oral in nature have not been included on Schedule G.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract or that such contract is an executory contract or unexpired lease. The Debtors reserve all of their rights to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

**Schedule H**. For purposes of Schedule H, the Debtors that are either the principal obligors or guarantors under the prepetition debt facilities are listed as Co-Debtors on Schedule H. The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements. The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

Although there are multiple lenders under the Debtors' prepetition debt facilities, only the administrative agents have been listed for purposes of Schedule H.

In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-Claims and counter-Claims against other parties. Because all such Claims are contingent, disputed, or unliquidated, such Claims have not been set forth individually on Schedule H. Litigation matters can be found on each Debtor's Schedule F and Statement 4a, as applicable.

## Specific Disclosures with Respect to the Debtors' Statements

**Statement 3b**. Statement 3b includes any disbursement or other transfer made by the Debtors except for those made to insiders, employees, and bankruptcy professionals. The amounts listed in Statement 3b reflect the Debtors' disbursements netted against any check level detail; thus, to the extent a disbursement was made to pay for multiple invoices, only one entry has been listed on Statement 3b. All disbursements listed on Statement 3b are made through the Debtors' cash management system. Additionally, all disbursement information reported in Statement 3b for a specific Debtor pertains to the bank accounts maintained by that respective Debtor. The Debtors have included disbursements made between April 4, 2013, and noon on the Petition Date.

**Statement 3c**. Statement 3c accounts for a respective Debtor's intercompany transactions, as well as other transfers to insiders, as applicable. As described in the *Debtors' Motion for Entry of an Order (I) Authorizing (A) Continued Use of Existing Cash Management System, (B) Maintenance of Existing Bank Accounts, (C) Continued Use of Existing Business Forms, and (D) Continued Use of Existing Investment Practices; and (II)(A) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Claims, and (B) Authorizing Continued Performance Under Certain Intercompany Arrangements and Historical Practices* [Docket No. 13], in the ordinary course of business certain of the Debtor entities and business divisions maintain business relationships with each other, resulting in intercompany receivables and payables (the "***Intercompany Claims***"). Any payments to another Debtor on account of Intercompany Claims are reflective of the difference between the opening balance and ending balance in the year before the commencement of the chapter 11 cases and, where applicable, such difference is listed on a Debtor's Statement 3c as a negative number. With respect to Intercompany Claims between Debtors, Statement 3c reflects the book value adjustment of such transfers rather than an actual transfer of funds from one Debtor entity to another.

**Statement 4a**. Information provided in Statement 4a includes only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial or other adjudicative forum. In the Debtors' attempt to provide full disclosure, to the extent a legal dispute or administrative proceeding is not formally recognized by an administrative, judicial or other adjudicative forum due to certain procedural conditions that counterparties have yet to satisfy, the Debtors have identified such matters on Schedule F for the applicable Debtor. Additionally, any information contained in Statement 4a shall not be a binding representation of the Debtors' liabilities with respect to any of the suits and proceedings identified therein.

**Statement 8**. The Debtors occasionally incur losses for a variety of reasons, including theft and property damage. The Debtors, however, may not have records of all such losses as to the extent such losses do not have a material impact on the Debtors' businesses or are not reported for insurance purposes.

11

**Statement 9**.  Although all of the Debtors retained or paid the entities and individuals who provided consultation concerning debt consolidation, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date, all of the payments, or property transferred by or on behalf of a Debtor for such services, were made by Cengage Learning, Inc. or Cengage Learning Acquisitions, Inc., and are therefore listed on the applicable Debtor's response to Statement 9.  Amounts paid to such entities or individuals may include amounts paid for services unrelated to debt counseling or bankruptcy.

**Statement 19d**.  The Debtors have provided financial statements in the ordinary course of their businesses to numerous financial institutions, creditors, and other parties within two years immediately before the Petition Date.  Considering the number of such recipients and the possibility that such information may have been shared with parties without the Debtors' knowledge or consent, the Debtors have not disclosed any parties that may have received such financial statements for the purposes of Statement 19d.

**Statement 23**.  Unless otherwise indicated in a Debtor's specific response to Statement 23, the Debtors have included a comprehensive response to Statement 23 in Statement 3c.

*[Remainder of page intentionally left blank.]*

K&E 27326992.8

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court

Eastern District Of New York

In re    Cengage Learning Holdings II, L.P._____ ,          Case No.  13-44105 (ESS)_____
                              Debtor

                                                                              Chapter  11_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.  Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | | 1 | $ 0.00 | | |
| B - Personal Property | | 6 | $ 4,005,087.00 | | |
| C - Property Claimed as Exempt | No | | | | |
| D - Creditors Holding Secured Claims | | 4 | | $ 5,397,549,528.13 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | | 2 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | | 3 | | $ 514,386,726.22 | |
| G - Executory Contracts and Unexpired Leases | | 3 | | | |
| H - Codebtors | | 5 | | | |
| I - Current Income of Individual Debtor(s) | No | | | | $ N/A |
| J - Current Expenditures of Individual Debtors(s) | No | | | | $ N/A |
| **TOTAL** | | 24 | $ 4,005,087.00 + Undetermined Amounts | $ 5,911,936,254.35 + Undetermined Amounts | |

**B6A (Official Form 6A) (12/07)**

In re   Cengage Learning Holdings II, L.P.                    ,          Case No.   13-44105 (ESS)
                          **Debtor**                                                                    **(If known)**

# SCHEDULE A – REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

   **Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

   If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

   If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| | | | | |
| | | Total ▶ | $ 0.00 | |

(Report also on Summary of Schedules.)

B6B (Official Form 6B) (12/07)

In re  Cengage Learning Holdings II, L.P.                    ,        Case No.  13-44105 (ESS)
                        Debtor                                                    (If known)

# SCHEDULE B – PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husba nd, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Loc ation of Property."  If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian," Do not disclose the child's name.  See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or coopratives. | X | | | |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | See Attached Rider | | Undetermined |
| 10. Annuities. Itemize and name each issuer. | X | | | |

B6B (Official Form 6B) (12/07) – Cont.

In re   Cengage Learning Holdings II, L.P.                         ,          Case No. 13-44105 (ESS)
                          **Debtor**                                                    **(If known)**

# SCHEDULE B – PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | Cengage Learning Holdco. Inc. - 100% Ownership | | Undetermined |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | | See Attached Rider | | $4,005,087.00 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

B6B (Official Form 6B) (12/07) – Cont.

In re   Cengage Learning Holdings II, L.P.                    ,         Case No. 13-44105 (ESS)
                    **Debtor**                                                                    **(If known)**

# SCHEDULE B – PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |

**B6B (Official Form 6B) (12/07) – Cont.**

In re  Cengage Learning Holdings II, L.P.                    ,                    Case No. 13-44105 (ESS)
                    **Debtor**                                                                                      **(If known)**

# SCHEDULE B – PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

_____3_____ continuation sheets attached        Total ▶

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

$ 4,005,087.00
+ Undetermined Amounts

**In Re: Cengage Learning Holdings II, L.P.**                    **Case No. 13-44105 (ESS)**

## SCHEDULE B - PERSONAL PROPERTY
### Rider B.9 - Interests in Insurance Policies

| Insurance Company | Policy Type | Policy Number | Surrender or Refund Value |
|---|---|---|---|
| ACE USA | Foreign General Liability | CXCD37032931 | Undetermined |
| Arch Insurance Company | D&O (Excess- Side A) | ABX002347305 | Undetermined |
| Beazley Insurance Company, Inc. | Errors And Omissions | V129F0130201 | Undetermined |
| Chartis Insurance | D&O (Excess) | 019325726 | Undetermined |
| Chubb Group of Insurance Companies | General Liability | 35921586 | Undetermined |
| Chubb Group of Insurance Companies | General Liability  (Puerto Rico) | 35921589 | Undetermined |
| Chubb Group of Insurance Companies | Workers' Compensation | 71741492 | Undetermined |
| Chubb Group of Insurance Companies | Automobile | 99480953 | Undetermined |
| Chubb Group of Insurance Companies | Automobile (Hawaii) | 73561515 | Undetermined |
| Chubb Group of Insurance Companies | Automobile (Puerto Rico) | 99480952 | Undetermined |
| Chubb Group of Insurance Companies | Travel Accident | 99063238 | Undetermined |
| Factory Mutual Insurance Company | Property | LE774 | Undetermined |
| Fireman's Fund Insurance Companies | Excess Liability (Umbrella) | SHX00048680557 | Undetermined |
| Great American Insurance Group | Crime | GA0557-OU70325CR | Undetermined |
| HCC Global Financial Products | D&O (Primary), Employment Practices, & Fiduciary | 14MGU12A26638 | Undetermined |
| Ironshore Indemnity Inc. | D&O (Excess- Side A) | 000412902 | Undetermined |
| Navigators Insurance Company | Excess Liability (Umbrella) | NY13UMR7064671V | Undetermined |
| Zurich American Insurance Company | Crime | FID967007350 | Undetermined |

Total:    Undetermined

**In Re: Cengage Learning Holdings II, L.P.**                    **Case No.13-44105 (ESS)**

## Schedule B- PERSONAL PROPERTY
## RIDER B.16 - Accounts Receivable

| Description | Value |
|---|---|
| Inter-Company Obligations - Cengage Learning Acquisitions, Inc. | $4,005,087.00 |
| Total | $4,005,087.00 |

B6D (Official Form 6D) (12/07)

In re   **Cengage Learning Holdings II, L.P.**          ,          Case No.   **13-44105 (ESS)**
_____                    _____
                        **Debtor**                                                    **(if known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable.  If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name.  See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐     Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> BANK OF NEW YORK MELLON AS ADMIN AGENT : FIRST LIEN NOTES ATTN: MARY MISELIS 102 BARCLAY STREET, FLOOR 8W NEW YORK, NY 10286 | | X | Guarantor - First Lien Notes Principal - $725,000,000.00 Interest - $17,832,986.11 <br><br> VALUE $ Undetermined | | X | | $742,832,986.11 | Undetermined |
| ACCOUNT NO. <br><br> CITIBANK, N.A. CONFIRMATIONS UNIT 388 GREENWICH STREET 11TH FLOOR NEW YORK, NY 10013 | | X | Guarantor Counter-Party - Swap Agreements <br><br> VALUE $ Undetermined | | X | | $1,530,394.44 | Undetermined |
| ACCOUNT NO. <br><br> CSC TRUST COMPANY AS ADMIN AGENT : SECOND LIEN NOTES ATTN: SANDRA E. HORWITZ 2711 CENTERVILLE RD. WILMINGTON, DE 19808-1645 | | X | Guarantor - Second Lien Notes Principal - $710,000,000.00 Interest - $42,836,787.33 <br><br> VALUE $ Undetermined | | X | | $752,838,787.33 | Undetermined |

_3_ continuation sheets attached

Subtotal ▶
(Total of this page)

Total ▶
(Use only on last page)

$ 1,497,202,167.88        $0.00

$                           $

(Report also on Summary of Schedules.)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B6D (Official Form 6D) (12/07) – Cont.

In re  Cengage Learning Holdings II, L.P.            ,          Case No.   13-44105 (ESS)
                        Debtor                                                              (if known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>GOLDMAN SACHS BANK USA<br>ATTN: JAMES T. GAVIN<br>200 WEST STREET<br>NEW YORK, NY 10282 | X | | Guarantor Counter-Party - Swap Agreements<br><br>VALUE $ Undetermined | X | | | $1,537,422.22 | Undetermined |
| ACCOUNT NO.<br><br>JP MORGAN CHASE BANK, N.A.<br>ATTN: JOHN GETCHIUS<br>ADMIN AGENT FOR CENGAGE<br>CREDIT AGREEMENT<br>500 STANTON CHRISTINA RD.<br>3/OPS2<br>NEWARK, DE 19713 | X | | Guarantor - Unextended Revolver Facility Principal - $220,285,715.29 Issued But Not Drawn LC - $2,668,393.80 Interest - $162,460.71 Fees - $16,024.64<br>VALUE $ Undetermined | X | | | $223,132,594.44 | Undetermined |
| ACCOUNT NO.<br><br>JP MORGAN CHASE BANK, N.A.<br>ATTN: JOHN GETCHIUS<br>ADMIN AGENT FOR CENGAGE<br>CREDIT AGREEMENT<br>500 STANTON CHRISTINA RD.<br>3/OPS2<br>NEWARK, DE 19713 | X | | Guarantor - Extended Term Loan Facility Principal - $1,286,492,532.57 Interest - $6,533,354.39<br>VALUE $ Undetermined | X | | | $1,293,025,886.97 | Undetermined |
| ACCOUNT NO.<br><br>JP MORGAN CHASE BANK, N.A.<br>ATTN: JOHN GETCHIUS<br>ADMIN AGENT FOR CENGAGE<br>CREDIT AGREEMENT<br>500 STANTON CHRISTINA RD.<br>3/OPS2<br>NEWARK, DE 19713 | X | | Guarantor - Extended Revolver Facility Principal - $293,714,285.71 Issued But Not Drawn LC - $3,557,858.40 Interest - $418,542.86 Fees - $39,173.73<br><br>VALUE $ Undetermined | X | | | $297,729,860.70 | Undetermined |

Sheet no.  1  of  3  continuation sheets attached to Schedule of Creditors Holding Secured Claims

Subtotal (s)▶
(Total(s) of this page)

$ 1,815,425,764.33 | $0.00

Total(s) ▶
(Use only on last page)

$ | $

(Report also on Summary of Schedules.)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B6D (Official Form 6D) (12/07) – Cont.

In re  <u>Cengage Learning Holdings II, L.P.</u> ,                    Case No.  <u>13-44105 (ESS)</u>
              **Debtor**                                                                              **(if known)**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>JP MORGAN CHASE BANK, N.A.<br>ATTN: JOHN GETCHIUS<br>ADMIN AGENT FOR CENGAGE<br>CREDIT AGREEMENT<br>500 STANTON CHRISTINA RD.<br>3/OPS2<br>NEWARK, DE 19713 | X | | Guarantor - Incremental Term Loan Facility<br>Principal - $548,293,809.28<br>Interest - $3,663,708.86<br><br>VALUE $ Undetermined | X | | | $551,957,518.14 | Undetermined |
| ACCOUNT NO.<br>JP MORGAN CHASE BANK, N.A.<br>ATTN: JOHN GETCHIUS<br>ADMIN AGENT FOR CENGAGE<br>CREDIT AGREEMENT<br>500 STANTON CHRISTINA RD.<br>3/OPS2<br>NEWARK, DE 19713 | X | | Guarantor - Unextended Term Loan Facility<br>Principal - $1,519,056,378.66<br>Interest - $3,654,196.90<br><br>VALUE $ Undetermined | X | | | $1,522,710,575.56 | Undetermined |
| ACCOUNT NO.<br>JPMORGAN CHASE BANK, N.A.<br>1111 FANNIN STREET<br>10TH FLOOR<br>HOUSTON, TX 77002 | | | UCC Statement No. 2012 2516112<br>Dated: 6/27/2012<br><br>VALUE $ Undetermined | X | X | X | Undetermined | Undetermined |
| ACCOUNT NO.<br>MORGAN STANLEY CAPITAL SERVICES INC.<br>C/O MORGAN STANLEY & CO. INC.<br>1585 BROADWAY<br>NEW YORK, NY 10036-8293 | X | | Guarantor Counter-Party - Swap Agreements<br><br>VALUE $ Undetermined | X | | | $3,221,788.89 | Undetermined |
| ACCOUNT NO.<br>THE BANK OF NEW YORK MELLON<br>101 BARCLAY STREET<br>8W<br>NEW YORK, NY 10286 | | | UCC Statement No. 2012 1379553<br>Dated: 4/10/2012<br><br>VALUE $ Undetermined | X | X | X | Undetermined | Undetermined |

Sheet no. <u>2</u> of <u>3</u> continuation sheets attached to Schedule of Creditors Holding Secured Claims

Subtotal (s) ▶
(Total(s) of this page)

$ 2,077,889,882.59     $0.00

Total(s) ▶
(Use only on last page)

$         $

(Report also on Summary of Schedules.)     (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B6D (Official Form 6D) (12/07) – Cont.

In re   Cengage Learning Holdings II, L.P.              ,          Case No.   13-44105 (ESS)
                      **Debtor**                                                        **(if known)**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>THE BANK OF NEW YORK MELLON<br>101 BARCLAY STREET<br>8W<br>NEW YORK, NY 10286 | | | UCC Statement No. 2012 2602748<br>Dated: 7/5/2012<br><br>VALUE $ Undetermined | X | X | X | Undetermined | Undetermined |
| ACCOUNT NO.<br><br>THE ROYAL BANK OF SCOTLAND<br>ATTN: GLOBAL BANKING & MARKETS<br>BANKSIDE 3, 3RD FLOOR<br>90-100 SOUTHWARK STREET<br>LONDON, SE1 0SW UNITED KINGDOM | X | | Guarantor Counter-Party - Swap Agreements<br><br>VALUE $ Undetermined | | X | | $1,898,573.33 | Undetermined |
| ACCOUNT NO.<br><br>UBS AG, LONDON BRANCH<br>ATTN: MARINA POTOK<br>ATTN: JONATHAN MCTERNAN<br>1 FINSBURY AVENUE<br>LONDON, EC2M 2PP UNITED KINGDOM | X | | Guarantor Counter-Party - Swap Agreements<br><br>VALUE $ Undetermined | | X | | $5,133,140.00 | Undetermined |
| ACCOUNT NO.<br><br>VALUE $ | | | | | | | | |
| ACCOUNT NO.<br><br>VALUE $ | | | | | | | | |

Sheet no.  _3_  of  _3_  continuation sheets attached to Schedule of Creditors Holding Secured Claims

Subtotal (s)► (Total(s) of this page)

$ 7,031,713.33 | $0.00

Total(s) ► (Use only on last page)

$ 5,397,549,528.13 + Undetermined Amounts | $0.00 + Undetermined Amounts

(Report also on Summary of Schedules.)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B6E (Official Form 6E) (04/13)

In re   Cengage Learning Holdings II, L.P.                    ,                    Case No.  13-44105 (ESS)
                        **Debtor**                                                                         **(if known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

    A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

    The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m).

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

    Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

    Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

    Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

    [x]   Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

    [ ]   **Domestic Support Obligations**

    Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

    [ ]   **Extensions of credit in an involuntary case**

    Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

    [ ]   **Wages, salaries, and commissions**

    Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

    [ ]   **Contributions to employee benefit plans**

    Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

**B6E (Official Form 6E) (04/13) – Cont.**

In re  **Cengage Learning Holdings II, L.P.**                ,                    Case No. **13-44105 (ESS)**
                                                    **Debtor**                                                              **(if known)**

☐  **Certain farmers and fishermen**

   Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐  **Deposits by individuals**

   Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐  **Taxes and Certain Other Debts Owed to Governmental Units**

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐  **Commitments to Maintain the Capital of an Insured Depository Institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐  **Claims for Death or Personal Injury While Debtor Was Intoxicated**

   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on 4/01/16 and every three years thereafter with respect to cases commenced on or after the date of adjustment**.**

**_0_  continuation sheets attached**

B6F (Official Form 6F) (12/07)

In re   **Cengage Learning Holdings II, L.P.**          ,          Case No. **13-44105 (ESS)**
               **Debtor**                                                                   **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | Guarantor - Senior Subordinated Discount Notes | | | | $140,074,142.56 |
| BANK OF OKLAHOMA AS ADMIN AGENT: SENIOR SUBORDINATED DISCOUNT NOTES ATTN: MARY P. CAMPBELL ONE WILLIAMS CENTER TULSA, OK 74172 | X | | Principal - $131,963,000.00 Interest - $8,111,142.56 | X | | | |
| ACCOUNT NO. | | | Inter-Company Obligations | | | | Undetermined |
| Cengage Learning Acquisitions, Inc. 200 1ST STAMFORD PLACE STAMFORD, CT 06906 | | | | X | X | X | |
| ACCOUNT NO. | | | Inter-Company Obligations | | | | Undetermined |
| Cengage Learning, Inc. 200 1ST STAMFORD PLACE STAMFORD, CT 06906 | | | | X | X | X | |

   _2_  continuation sheets attached

Subtotal ▶   $ 140,074,142.56

Total ▶   $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) – Cont.

In re  Cengage Learning Holdings II, L.P.          ,                    Case No.   13-44105 (ESS)
_____                                    _____
                    Debtor                                                        (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>Cengage Learning, Inc.<br>200 1ST STAMFORD PLACE<br>STAMFORD, CT 06906 | | | Inter-Company Obligations | | X | | $329,112.00 |
| ACCOUNT NO.<br><br>DCG DEVELOPMENT CO<br>200 CLIFTON CORPORATE PKWY<br>STE 240<br>CLIFTON PARK, NY 12065 | X | | Guarantor - Property Lease | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>DUKE REALTY OHIO<br>4555 LAKE FOREST DRIVE<br>SUITE 400<br>CINCINNATI, OH 45242 | X | | Guarantor - Property Lease | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>EXETER 10650 TOEBBEN, LLC<br>C/O EXETER PROPERTY GROUP II, L.P<br>140 W. GERMANTOWN PIKE<br>SUITE 150<br>PLYMOUTH MEETING, PA 19462 | X | | Guarantor - Property Lease | X | X | X | Undetermined |

Sheet no. _1_ of _2_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶   $ 329,112.00

Total ▶   $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) – Cont.

In re  Cengage Learning Holdings II, L.P.                    ,          Case No.   13-44105 (ESS)
                                                    Debtor                                                                                    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>WELLS FARGO<br>AS ADMIN AGENT : SENIOR PIK NOTES<br>ATTN: RAYMOND DELLI COLLI<br>150 EAST 42ND STREET, 40TH FLOOR<br>NEW YORK, NY 10017 | X | | Guarantor - Senior PIK Notes<br>Principal - $63,607,024.98<br>Interest - $4,057,156.43 | X | | | $67,664,181.41 |
| ACCOUNT NO.<br><br>WILMINGTON TRUST, NATIONAL ASSOCIATION<br>ATTN: JULIE BECKER<br>RE: CENGAGE - SENIOR UNSECURED NOTES<br>50 SOUTH SEXTH STREET<br>SUITE 1290<br>MINNEAPOLIS, MN 55402 | X | | Guarantor - Senior Unsecured Notes<br>Principal - $292,104,000.00 Interest - $14,215,290.25 | X | | | $306,319,290.25 |
| ACCOUNT NO.<br><br> | | | | | | | |

Sheet no.  2  of  2  continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶  $ 373,983,471.66

Total ▶  $ 514,386,726.22
(Use only on last page of the completed Schedule F.)          + Undetermined
(Report also on Summary of Schedules and, if applicable, on the Statistical          Amounts
Summary of Certain Liabilities and Related Data.)

B6G (Official Form 6G) (12/07)

In re   <u>Cengage Learning Holdings II, L.P.</u>  ,         Case No.   <u>13-44105 (ESS)</u>
                       **Debtor**                                                                             **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

        Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m).

☐   Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC. 20022 NORTH 31ST AVENUE PO BOX 53800 PHOENIX, AZ 85027 | CREDIT CARD AGREEMENT DATED 05/12/2008 |
| BANK OF AMERICA, NATIONAL ASSOCIATION SHERRILL BUILDING, 6TH FLOOR, NC2-109-06-05 13510 BALLANTYNE CORPORATE PLACE ATTN LEASE ADMINISTRATION CHARLOTTE, NC 28277 | REAL ESTATE LEASE DATED 09/22/2011 |
| DCG DEVELOPMENT CO 200 CLIFTON CORPORATE PKWY STE 240 CLIFTON PARK, NY 12065 | REAL ESTATE LEASE(S) AND ALL SUPPORTING AMENDMENTS, EXHIBITS AND ADDENDA DATED 01/01/2001 |
| DCG DEVELOPMENT CO 200 CLIFTON CORPORATE PKWY STE 240 CLIFTON PARK, NY 12065 | REAL ESTATE LEASE RENTAL CLARIFICATION AGREEMENT DATED 01/19/2001 |
| DCG DEVELOPMENT CO 200 CLIFTON CORPORATE PKWY STE 240 CLIFTON PARK, NY 12065 | REAL ESTATE LEASE GUARANTY DATED 01/18/2001 |
| DCG DEVELOPMENT CO 200 CLIFTON CORPORATE PKWY STE 240 CLIFTON PARK, NY 12065 | REAL ESTATE LEASE AND ALL SUPPORTING AMENDMENTS, EXHIBITS AND ADDENDA DATED 09/11/2003 |

B6G (Official Form 6G) (12/07) – Cont.

In re __Cengage Learning Holdings II, L.P._____,          Case No. __13-44105 (ESS)_____
                   **Debtor**                                                                           **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| DUKE REALTY CORP<br>4555 LAKE FOREST DRIVE, SUITE 400<br>CINCINNATI, OH 45242 | REAL ESTATE GUARANTY OF LEASE DATED 01/07/2010 |
| DUKE REALTY CORPORATION OHIO<br>75 REMITTANCE DRIVE, SUITE 3205<br>CHICAGO, IL 60675-3205 | REAL ESTATE LEASE AND ALL SUPPORTING AMENDMENTS, EXHIBITS AND ADDENDA DATED 01/04/2010 |
| DUKE REALTY OHIO<br>C/O DUKE REALTY CORPORATION<br>4555 LAKE FOREST DRIVE<br>SUITE 400<br>CINCINNATI, OH 45242 | REAL ESTATE GUARANTY OF LEASE DATED 01/07/2010 |
| DUKE REALTY OHIO<br>4555 LAKE FOREST DRIVE<br>SUITE 400<br>CINCINNATI, OH 45242 | REAL ESTATE GUARANTY OF LEASE(S) DATED 01/07/2010 |
| DUKE-WEEKS REALTY CORPORATION<br>4555 LAKE FOREST DRIVE<br>SUITE 400<br>CINCINNATI, OH 45242 | REAL ESTATE LEASE AND ALL SUPPORTING AMENDMENTS, EXHIBITS AND ADDENDA DATED 01/25/2001 |
| DUKE-WEEKS REALTY LIMITED PARTNERSHIP<br>4555 LAKE FOREST DRIVE<br>SUITE 400<br>CINCINNATI, OH 45242 | REAL ESTATE GUARANTY OF LEASE(S) DATED 01/07/2010 |
| DUKE-WEEKS REALTY LIMITED PARTNERSHIP<br>4555 LAKE FOREST DRIVE<br>SUITE 400<br>CINCINNATI, OH 45242 | REAL ESTATE LEASE INDEMNIFICATION AGREEMENT DATED 01/14/1998 |

B6G (Official Form 6G) (12/07) – Cont.

In re   Cengage Learning Holdings II, L.P.                    ,          Case No.   13-44105 (ESS)
                          **Debtor**                                                                    (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| DUKE-WEEKS REALTY LIMITED PARTNERSHIP 4555 LAKE FOREST DRIVE SUITE 400 CINCINNATI, OH 45242 | REAL ESTATE GUARANTY OF LEASE(S) DATED 02/06/2001 |
| DUKE-WEEKS REALTY LIMITED PARTNERSHIP 4555 LAKE FOREST DRIVE SUITE 400 CINCINNATI, OH 45242 | REAL ESTATE LEASE(S) AND ALL SUPPORTING AMENDMENTS, EXHIBITS AND ADDENDA DATED 02/06/2001 |
| DUKE-WEEKS REALTY LIMITED PARTNERSHIP 4555 LAKE FOREST DRIVE SUITE 400 CINCINNATI, OH 45242 | REAL ESTATE LEASE INDEMNIFICATION AGREEMENT DATED 01/16/2001 |
| EXETER 10650 TOEBBEN LLC C/O EXETER PROPERTY GROUP II LP 140 W. GERMANTOWN PIKE, SUITE 150 PLYMOUTH MEETING, PA 19462 | REAL ESTATE LEASE AND ALL SUPPORTING AMENDMENTS, EXHIBITS AND ADDENDA |
| GREENE, DONALD C. DBA DCG DEVELOPMENT CO. 200 CLIFTON CORPORATE PARKWAY, SUITE 240 CLIFTON PARK, NY 12065 | REAL ESTATE LEASE AND ALL SUPPORTING AMENDMENTS, EXHIBITS AND ADDENDA DATED 10/18/2011 |
| GREENE, DONALD C. DBA DCG DEVELOPMENT CO. 200 CLIFTON CORPORATE PARKWAY, SUITE 240 CLIFTON PARK, NY 12065 | REAL ESTATE LEASE(S) AND ALL SUPPORTING AMENDMENTS, EXHIBITS AND ADDENDA DATED 10/01/2011 |
|  |  |

**B6H (Official Form 6H) (12/07)**

In re   Cengage Learning Holdings II, L.P.          ,          Case No.   13-44105 (ESS)
                     **Debtor**                                                    **(if known)**

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name.  See 11 U.S.C. § 112; Fed. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| See Attached Rider | |

**In re: Cengage Learning Holdings II, L.P.**                                    **Case No. 13-44105 (ESS)**

## Schedule H - Co-Debtor Rider

| Name and Address of Co-Debtor | Name and Address of Creditor |
|---|---|
| CENGAGE LEARNING ACQUISITIONS, INC.<br>200 FIRST STAMFORD PLACE<br>STAMFORD, CT  06902<br>UNITED STATES | BANK OF NEW YORK MELLON<br>AS ADMIN AGENT : FIRST LIEN NOTES<br>ATTN: MARY MISELIS<br>102 BARCLAY STREET, FLOOR 8W<br>NEW YORK, NY  10286 |
| CENGAGE LEARNING ACQUISITIONS, INC.<br>200 FIRST STAMFORD PLACE<br>STAMFORD, CT  06902<br>UNITED STATES | BANK OF OKLAHOMA<br>AS ADMIN AGENT: SENIOR SUBORDINATED DISCOUNT<br>NOTES<br>ATTN: MARY P. CAMPBELL<br>ONE WILLIAMS CENTER<br>TULSA, OK  74172 |
| CENGAGE LEARNING ACQUISITIONS, INC.<br>200 FIRST STAMFORD PLACE<br>STAMFORD, CT  06902<br>UNITED STATES | CITIBANK, N.A.<br>CONFIRMATIONS UNIT<br>388 GREENWICH STREET<br>11TH FLOOR<br>NEW YORK, NY  10013 |
| CENGAGE LEARNING ACQUISITIONS, INC.<br>200 FIRST STAMFORD PLACE<br>STAMFORD, CT  06902<br>UNITED STATES | CSC TRUST COMPANY<br>AS ADMIN AGENT : SECOND LIEN NOTES<br>ATTN: SANDRA E. HORWITZ<br>2711 CENTERVILLE RD.<br>WILMINGTON, DE  19808-1645 |
| CENGAGE LEARNING ACQUISITIONS, INC.<br>200 FIRST STAMFORD PLACE<br>STAMFORD, CT  06902<br>UNITED STATES | EXETER 10650 TOEBBEN, LLC<br>C/O EXETER PROPERTY GROUP II, L.P<br>140 W. GERMANTOWN PIKE<br>SUITE 150<br>PLYMOUTH MEETING, PA  19462 |
| CENGAGE LEARNING ACQUISITIONS, INC.<br>200 FIRST STAMFORD PLACE<br>STAMFORD, CT  06902<br>UNITED STATES | GOLDMAN SACHS BANK USA<br>ATTN: JAMES T. GAVIN<br>200 WEST STREET<br>NEW YORK, NY  10282 |
| CENGAGE LEARNING ACQUISITIONS, INC.<br>200 FIRST STAMFORD PLACE<br>STAMFORD, CT  06902<br>UNITED STATES | JP MORGAN CHASE BANK, N.A.<br>ATTN: JOHN GETCHIUS<br>ADMIN AGENT FOR CENGAGE CREDIT AGREEMENT<br>500 STANTON CHRISTINA RD.<br>3/OPS2<br>NEWARK, DE  19713 |
| CENGAGE LEARNING ACQUISITIONS, INC.<br>200 FIRST STAMFORD PLACE<br>STAMFORD, CT  06902<br>UNITED STATES | MORGAN STANLEY CAPITAL SERVICES INC.<br>1585 BROADWAY<br>NEW YORK, NY  10036-8293 |
| CENGAGE LEARNING ACQUISITIONS, INC.<br>200 FIRST STAMFORD PLACE<br>STAMFORD, CT  06902<br>UNITED STATES | THE ROYAL BANK OF SCOTLAND<br>ATTN: GLOBAL BANKING & MARKETS<br>BANKSIDE 3, 3RD FLOOR<br>90-100 SOUTHWARK STREET<br>LONDON  SE1 0SW<br>UNITED KINGDOM |
| CENGAGE LEARNING ACQUISITIONS, INC.<br>200 FIRST STAMFORD PLACE<br>STAMFORD, CT  06902<br>UNITED STATES | UBS AG, LONDON BRANCH<br>ATTN: MARINA POTOK<br>1 FINSBURY AVENUE<br>LONDON  EC2M 2PP<br>UNITED KINGDOM |

**In re: Cengage Learning Holdings II, L.P.**                    **Case No. 13-44105 (ESS)**

### Schedule H - Co-Debtor Rider

| Name and Address of Co-Debtor | Name and Address of Creditor |
|---|---|
| CENGAGE LEARNING ACQUISITIONS, INC.<br>200 FIRST STAMFORD PLACE<br>STAMFORD, CT  06902<br>UNITED STATES | WILMINGTON TRUST, NATIONAL ASSOCIATION<br>ATTN: JULIE BECKER<br>RE: CENGAGE - SENIOR UNSECURED NOTES<br>50 SOUTH SEXTH STREET<br>SUITE 1290<br>MINNEAPOLIS, MN  55402 |
| CENGAGE LEARNING HOLDCO, INC.<br>200 FIRST STAMFORD PLACE<br>STAMFORD, CT  06902<br>UNITED STATES | BANK OF NEW YORK MELLON<br>AS ADMIN AGENT : FIRST LIEN NOTES<br>ATTN: MARY MISELIS<br>102 BARCLAY STREET, FLOOR 8W<br>NEW YORK, NY  10286 |
| CENGAGE LEARNING HOLDCO, INC.<br>200 FIRST STAMFORD PLACE<br>STAMFORD, CT  06902<br>UNITED STATES | BANK OF OKLAHOMA<br>AS ADMIN AGENT: SENIOR SUBORDINATED DISCOUNT<br>NOTES<br>ATTN: MARY P. CAMPBELL<br>ONE WILLIAMS CENTER<br>TULSA, OK  74172 |
| CENGAGE LEARNING HOLDCO, INC.<br>200 FIRST STAMFORD PLACE<br>STAMFORD, CT  06902<br>UNITED STATES | CITIBANK, N.A.<br>CONFIRMATIONS UNIT<br>388 GREENWICH STREET<br>11TH FLOOR<br>NEW YORK, NY  10013 |
| CENGAGE LEARNING HOLDCO, INC.<br>200 FIRST STAMFORD PLACE<br>STAMFORD, CT  06902<br>UNITED STATES | CSC TRUST COMPANY<br>AS ADMIN AGENT : SECOND LIEN NOTES<br>ATTN: SANDRA E. HORWITZ<br>2711 CENTERVILLE RD.<br>WILMINGTON, DE  19808-1645 |
| CENGAGE LEARNING HOLDCO, INC.<br>200 FIRST STAMFORD PLACE<br>STAMFORD, CT  06902<br>UNITED STATES | GOLDMAN SACHS BANK USA<br>ATTN: JAMES T. GAVIN<br>200 WEST STREET<br>NEW YORK, NY  10282 |
| CENGAGE LEARNING HOLDCO, INC.<br>200 FIRST STAMFORD PLACE<br>STAMFORD, CT  06902<br>UNITED STATES | JP MORGAN CHASE BANK, N.A.<br>ATTN: JOHN GETCHIUS<br>ADMIN AGENT FOR CENGAGE CREDIT AGREEMENT<br>500 STANTON CHRISTINA RD.<br>3/OPS2<br>NEWARK, DE  19713 |
| CENGAGE LEARNING HOLDCO, INC.<br>200 FIRST STAMFORD PLACE<br>STAMFORD, CT  06902<br>UNITED STATES | MORGAN STANLEY CAPITAL SERVICES INC.<br>1585 BROADWAY<br>NEW YORK, NY  10036-8293 |
| CENGAGE LEARNING HOLDCO, INC.<br>200 FIRST STAMFORD PLACE<br>STAMFORD, CT  06902<br>UNITED STATES | THE ROYAL BANK OF SCOTLAND<br>ATTN: GLOBAL BANKING & MARKETS<br>BANKSIDE 3, 3RD FLOOR<br>90-100 SOUTHWARK STREET<br>LONDON  SE1 0SW<br>UNITED KINGDOM |
| CENGAGE LEARNING HOLDCO, INC.<br>200 FIRST STAMFORD PLACE<br>STAMFORD, CT  06902<br>UNITED STATES | UBS AG, LONDON BRANCH<br>ATTN: MARINA POTOK<br>1 FINSBURY AVENUE<br>LONDON  EC2M 2PP<br>UNITED KINGDOM |

**In re: Cengage Learning Holdings II, L.P.**                              **Case No. 13-44105 (ESS)**

### Schedule H - Co-Debtor Rider

| Name and Address of Co-Debtor | Name and Address of Creditor |
|---|---|
| CENGAGE LEARNING HOLDCO, INC.<br>200 FIRST STAMFORD PLACE<br>STAMFORD, CT  06902<br>UNITED STATES | WELLS FARGO<br>AS ADMIN AGENT : SENIOR PIK NOTES<br>ATTN: RAYMOND DELLI COLLI<br>150 EAST 42ND STREET, 40TH FLOOR<br>NEW YORK, NY  10017 |
| CENGAGE LEARNING HOLDCO, INC.<br>200 FIRST STAMFORD PLACE<br>STAMFORD, CT  06902<br>UNITED STATES | WILMINGTON TRUST, NATIONAL ASSOCIATION<br>ATTN: JULIE BECKER<br>RE: CENGAGE - SENIOR UNSECURED NOTES<br>50 SOUTH SEXTH STREET<br>SUITE 1290<br>MINNEAPOLIS, MN  55402 |
| CENGAGE LEARNING, INC.<br>200 FIRST STAMFORD PLACE<br>STAMFORD, CT  06902<br>UNITED STATES | BANK OF NEW YORK MELLON<br>AS ADMIN AGENT : FIRST LIEN NOTES<br>ATTN: MARY MISELIS<br>102 BARCLAY STREET, FLOOR 8W<br>NEW YORK, NY  10286 |
| CENGAGE LEARNING, INC.<br>200 FIRST STAMFORD PLACE<br>STAMFORD, CT  06902<br>UNITED STATES | BANK OF OKLAHOMA<br>AS ADMIN AGENT: SENIOR SUBORDINATED DISCOUNT<br>NOTES<br>ATTN: MARY P. CAMPBELL<br>ONE WILLIAMS CENTER<br>TULSA, OK  74172 |
| CENGAGE LEARNING, INC.<br>200 FIRST STAMFORD PLACE<br>STAMFORD, CT  06902<br>UNITED STATES | CITIBANK, N.A.<br>CONFIRMATIONS UNIT<br>388 GREENWICH STREET<br>11TH FLOOR<br>NEW YORK, NY  10013 |
| CENGAGE LEARNING, INC.<br>200 FIRST STAMFORD PLACE<br>STAMFORD, CT  06902<br>UNITED STATES | CSC TRUST COMPANY<br>AS ADMIN AGENT : SECOND LIEN NOTES<br>ATTN: SANDRA E. HORWITZ<br>2711 CENTERVILLE RD.<br>WILMINGTON, DE  19808-1645 |
| CENGAGE LEARNING, INC.<br>200 FIRST STAMFORD PLACE<br>STAMFORD, CT  06902<br>UNITED STATES | DCG DEVELOPMENT CO.<br>ATTN: DONALD C. GREENE<br>200 CLIFTON CORPORATE PARKWAY<br>SUITE 240<br>CLIFTON PARK, NY  12065 |
| CENGAGE LEARNING, INC.<br>200 FIRST STAMFORD PLACE<br>STAMFORD, CT  06902<br>UNITED STATES | DUKE REALTY OHIO<br>C/O DUKE REALTY CORPORATION<br>ATTN: CINCINNATI OFFICE MARKET - V.P. PROPERTY MAN<br>4555 LAKE FOREST DRIVE, SUITE 400<br>CINCINNATI, OH  45242 |
| CENGAGE LEARNING, INC.<br>200 FIRST STAMFORD PLACE<br>STAMFORD, CT  06902<br>UNITED STATES | EXETER 10650 TOEBBEN, LLC<br>C/O EXETER PROPERTY GROUP II, L.P<br>140 W. GERMANTOWN PIKE<br>SUITE 150<br>PLYMOUTH MEETING, PA  19462 |
| CENGAGE LEARNING, INC.<br>200 FIRST STAMFORD PLACE<br>STAMFORD, CT  06902<br>UNITED STATES | GOLDMAN SACHS BANK USA<br>ATTN: JAMES T. GAVIN<br>200 WEST STREET<br>NEW YORK, NY  10282 |

**In re: Cengage Learning Holdings II, L.P.**                    **Case No. 13-44105 (ESS)**

### Schedule H - Co-Debtor Rider

| Name and Address of Co-Debtor | Name and Address of Creditor |
|---|---|
| CENGAGE LEARNING, INC.<br>200 FIRST STAMFORD PLACE<br>STAMFORD, CT  06902<br>UNITED STATES | JP MORGAN CHASE BANK, N.A.<br>ATTN: JOHN GETCHIUS<br>ADMIN AGENT FOR CENGAGE CREDIT AGREEMENT<br>500 STANTON CHRISTINA RD.<br>3/OPS2<br>NEWARK, DE  19713 |
| CENGAGE LEARNING, INC.<br>200 FIRST STAMFORD PLACE<br>STAMFORD, CT  06902<br>UNITED STATES | MORGAN STANLEY CAPITAL SERVICES INC.<br>1585 BROADWAY<br>NEW YORK, NY  10036-8293 |
| CENGAGE LEARNING, INC.<br>200 FIRST STAMFORD PLACE<br>STAMFORD, CT  06902<br>UNITED STATES | THE ROYAL BANK OF SCOTLAND<br>ATTN: GLOBAL BANKING & MARKETS<br>BANKSIDE 3, 3RD FLOOR<br>90-100 SOUTHWARK STREET<br>LONDON  SE1 0SW<br>UNITED KINGDOM |
| CENGAGE LEARNING, INC.<br>200 FIRST STAMFORD PLACE<br>STAMFORD, CT  06902<br>UNITED STATES | UBS AG, LONDON BRANCH<br>ATTN: MARINA POTOK<br>1 FINSBURY AVENUE<br>LONDON  EC2M 2PP<br>UNITED KINGDOM |
| CENGAGE LEARNING, INC.<br>200 FIRST STAMFORD PLACE<br>STAMFORD, CT  06902<br>UNITED STATES | WILMINGTON TRUST, NATIONAL ASSOCIATION<br>ATTN: JULIE BECKER<br>RE: CENGAGE - SENIOR UNSECURED NOTES<br>50 SOUTH SEXTH STREET<br>SUITE 1290<br>MINNEAPOLIS, MN  55402 |

B6 Declaration (Official Form 6 - Declaration) (12/07)

In Re : Cengage Learning Holdings II, L.P.                                  Case No. 13-44105 (ESS)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date _____          Signature: _____
                                                                                Debtor

Date _____          Signature: _____
                                                                        (Joint Debtor, if any)

[If joint case, both spouses must sign.]

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____          _____
Printed or Typed Name and Title, if any,                Social Security No.
of Bankruptcy Petition Preparer                           ( Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

Address

X _____          _____
Signature of Bankruptcy Petition Preparer                Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the Authorized Signatory [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership] of the Partnership [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___ sheets (*Total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date____8/16/2013_____          Signature : \s\ Dean Durbin _____

                                                              Dean Durbin
                                                              [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

*Penalty for making a false statement or concealing property:  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.*